IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES of AMERICA | ) |
| | ) |
| v. | ) CR 13-152 |
| | ) |
| TERRANCE BONNER | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Synopsis

The Defendant, Terrance Bonner ("Bonner") has filed a Motion for Early Termination of Supervised Release (ECF No. 61). Bonner argues that he is entitled to an early termination of his term of supervised release because he is gainfully employed, is volunteering and giving back to his community, and is abiding by the conditions of his release. The Government objects, arguing, among other things, that an early termination of supervised release is not warranted by the factors set forth in 18 U.S.C. § 3553(a). (ECF No. 64) Probation has also provided the Court with information regarding the Motion. (ECF No. 65) After careful consideration, and for the reasons set forth below, the Motion is denied.

Analysis

Under 18 U.S.C. § 3583(e), a district court may terminate a supervised release prior to its expiration if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e)(1). The § 3553(a) sentencing factors include:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct,

1

protect the public from further crimes of the defendant, and provide him with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (*citations omitted*). A district court enjoys "discretion to consider a wide range of circumstances when determining whether to grant early termination" and is not required to make specific findings of fact with respect to each factor. *Melvin*, 978 F.3d at 52-53 (*citations omitted*).

Having considered the § 3553(a) factors, I find that early termination is not warranted. Among other things, Bonner's history and characteristics caution against early termination. A grand jury indicted Bonner on charges of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(i)(B)(ii). (ECF No. 1) He entered a guilty plea on September 9, 2013 in accordance with a plea agreement. (ECF No. 31) Pursuant to the terms of the plea agreement, he was sentenced to 84 months of incarceration, followed by 4 years of supervised release. (ECF No. 41) Thereafter, following an amendment to the Sentencing Guidelines regarding base offense levels in drug cases, Bonner filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 47) Over the Government's objection,[1] I granted the Motion. Bonner was re-sentenced to 68

---

[1] The Government urged this Court to deny the Motion, contending that a reduction was inappropriate given the beneficial terms of the plea deal – namely that the Government had refrained from filing an 851 Information which would have subjected Bonner to a mandatory minimum of 120 months of imprisonment, in exchange for his agreement to plea to 84 months. (ECF No. 53)

months followed by a four year term of supervised release. (ECF No. 57) He remains on supervision in this case for approximately one year.

During his incarceration at FCI Elkton, Bonner was charged with the possession of a prohibited item in a federal prison, in violation of 18 U.S.C. §1791(a)(1) and (b)(2). He entered a guilty plea and was sentenced to four months imprisonment and three years of supervised release. Bonner is now serving his supervised release and supervision has been transferred to the Western District of Pennsylvania. (Docket No. 21-207) My colleague, the Honorable W. Scott Hardy, presides over that matter. Bonner's supervised release with respect to that matter appears to terminate in October of 2021.

Although I declined the Government's earlier request to oppose Bonner's Motion for Reduction of Sentence, I do note that he has an earlier conviction. Specifically, Bonner entered guilty pleas to charges of possession with intent to distribute less than 500 grams of cocaine, possession with intent to distribute less than 100 grams of heroin and possessing or carrying a firearm in relation to a drug trafficking crime in October of 2001. (Docket No. 1-134) He was sentenced to 78 months of imprisonment followed by 60 months of supervised release. (ECF No. 23) As he does now, Bonner then filed a motion for early termination of supervised release. The motion was granted and supervised release was terminated approximately two years early, on April 15, 2020. (ECF No. 48) Less than three years later, Bonner was indicted on the charges in this case.

Bonner has already demonstrated that an early termination of supervised release does not act as a deterrent to engaging in further criminal conduct. Moreover, he would

have received a longer sentence but for the Government's decision not to file an 851 Information. Thus, he is already receiving the benefit of a lighter sentence based upon the absence of the 851 Information and the earlier reduction in sentence. He also was charged with an additional crime while incarcerated. As evidenced by the Presentence Report, he has a lengthy criminal history. His past conduct reflects the danger he presents to the community.

Further, there is no indication that continued supervised release somehow impedes Bonner's ability to work or coach or otherwise volunteer or otherwise creates some type of hardship. Bonner's compliance with the conditions of his supervision, while commendable, may be attributable to the threat of re-incarceration should he violate those conditions. Further, compliance with those conditions is "precisely what is expected of him." *United States v. Stiso*, Crim. No.14-484, 2021 WL 1291648, at * 3 (D.N.J. Apr. 6, 2021). In light of the above factors, that Bonner currently abides by the terms of his conditions of supervised release, as he should, does not warrant the early termination of his supervised release. Considering the foregoing § 3553(a) analysis, particularly the serious nature of his crimes and his history and characteristics, the need to deter criminal conduct and the safety of the community, the interests of justice are best served by Bonner completing his term of supervised release.

Accordingly, the Motion is denied. An Order will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 13-152 |
| vs. | ) |
| TERRANCE BONNER, | ) |
| Defendant. | ) |

AMBROSE, United States Senior District Judge

## ORDER OF COURT

AND now, this 11th day of June, 2021, upon consideration of the Defendant's Motion for Early Termination of Supervised Release (ECF No. 61) said Motion is denied.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

5